IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01980-LTB-MJW

BENEFICIAL LIVING SYSTEMS, INC.,
a Colorado non-profit corporation,

Plaintiff,

v.

AMERICAN CASUALTY COMPANY
of Reading Pennsylvania, a Pennsylvania Corporation,

Defendant.

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DOCKET NO. 26)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court for consideration of Plaintiff's Motion for Leave to Amend Complaint (docket no. 26). The court has reviewed the subject motion (docket no. 26) and the response (docket 29) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds that I do have jurisdiction over the subject matter and over the parties to this lawsuit. I further find that venue is proper in the state and District of Colorado. In addition, I find that each party has been given a fair and adequate

opportunity to be heard on the subject motion (docket no. 26).

The subject motion (docket no. 26) is made after the deadline for amendment

of pleadings, and thus this court has applied the following analysis in deciding

whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the
> scheduling order deadline, a "two-step analysis" is required.  Once a
> scheduling order's deadline for amendment has passed, a movant
> must first demonstrate to the court that it has "good cause" for seeking
> modification of the scheduling deadline under Rule 16(b).  If the movant
> satisfies Rule 16(b)'s "good cause" standard, it must then pass the
> requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more
> lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on
> the bad faith of the movant, or the prejudice to the opposing party.
> Rather, it focuses on the diligence of the party seeking leave to modify
> the scheduling order to permit the proposed amendment.  Properly
> construed, "good cause" means that the scheduling deadlines cannot
> be met despite a party's diligent efforts.  In other words, this court may
> "modify the schedule on a showing of good cause if [the deadline]
> cannot be met despite the diligence of the party seeking the extension."
> Carelessness is not compatible with a finding of diligence and offers no
> reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations

and citations omitted).  This court finds that plaintiff has not satisfied this first step in

the analysis and has not established good cause to extend the deadline within which

it may seek leave to amend the complaint.

The second step is consideration of whether the plaintiff have satisfied the

standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when
> justice so requires."  Refusing leave to amend is generally only justified
> upon a showing of undue delay, undue prejudice to the opposing party,
> bad faith or dilatory motive, failure to cure deficiencies by amendments
> previously allowed, or futility of amendment.

3

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the Defendant's Response (docket no. 29), this court finds that the proposed amendments should not be permitted.  The court notes that a Rule 16 Scheduling Conference was conducted by Magistrate Judge Watanabe on December 22, 2008.  At that time, Magistrate Judge Watanabe entered a Rule 16 Scheduling Order.  The Rule 16 Scheduling Order requires discovery to be completed by July 15, 2009, and that dispositive motions be filed by August 14, 2009.  Moreover, the Final Pretrial Conference was set for October 15, 2009.  Furthermore, Senior District Judge Babcock has set a Trial Preparation Conference on October 30, 2009, and Jury Trial on November 30, 2009.

Here, the Plaintiff has waited three and a half months after the deadline to amend has expired to file the subject motion (docket no. 26).  Plaintiff waited until April 20, 2009, to serve discovery on Defendant and now argues that the late production of certain documents necessitates a late amendment of the pleadings.  It should be noted that at the Rule 16 Scheduling Conference, the parties were informed by the court that they could begin serving discovery once the court entered the Rule 16 Scheduling Order which the court signed and entered on December 22, 2008.  *See* docket nos. 15 and 16.  Nothing has prevented Plaintiff from serving discovery well before April 20, 2009.  I do find substantial prejudice to Defendants under these, facts, if this court would to allow an amendment to the pleadings at this late stage of this case noting that discovery shall be completed by July 15, 2009, and dispositive motions shall be filed by August 14, 2009.

4

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court

**RECOMMENDS** that Plaintiff's Motion for Leave to Amend Complaint (docket no. 26) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 9th day of July 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE