IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01980-LTB-MJW


BENEFICIAL LIVING SYSTEMS, INC.,
a Colorado non-profit corporation,

Plaintiff,

v.

AMERICAN CASUALTY COMPANY
of Reading Pennsylvania, a Pennsylvania Corporation,

Defendant.

---

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF'S EXPERT WITNESS,
## RICHARD HODGES (DOCKET NO. 30)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**


This matter is before the court on Defendant's Motion to Preclude Plaintiff's

Expert Witness, Richard Hodges (docket no. 30).  The court has reviewed the subject

motion (docket no. 30) and the response (docket no. 34) thereto.  In addition, the court

has taken judicial notice of the court's file and has considered applicable Federal Rules

of Civil Procedure and case law.  The court now being fully informed makes the

following findings of fact, conclusions of law, and recommendation.

### FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given and fair and adequate opportunity to be heard on the subject motion (docket no. 30);

4.   That in determining whether an expert's testimony is relevant, the trial court "look[s] at the logical relationship between the evidence proffered and the material issue that evidence is supposed to support to determine if it advances the purpose of aiding the trier of fact." Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1234 (10th Cir. 2004), cert. denied, 546 U.S. 926 (2005);

5.   That Plaintiff asserts in its response (docket no. 34), the following:

". . . **Mr. Hodges was disclosed as an expert in support of plaintiff's claim for bad faith breach of insurance contract, which claim is asserted in plaintiff's Amended Complaint. Plaintiff agrees that Mr. Hodges was not offered to support the breach of contract claim.  Therefore, the Court's ruling on Plaintiff's Motion for Leave to Amend will be dispositive of Defendant's Motion to Preclude Mr. Hodges.**";

6.   That on July 9, 2009, I issued a written Recommendation concerning Plaintiff's Motion for Leave to Amend Complaint (docket no. 26).  *See* Recommendation docket no. 33.  In my Recommendation,  I recommended that this motion (docket no. 26) be **DENIED.**  Accordingly, the only claim currently against Defendant American Casualty is for breach of contract, and there is

no claim, at this time, for bad faith breach of insurance contract.
Thus, the proffered expert opinions held by Richard Hodges
regarding whether Defendant American Casualty breached its duty
of good faith and fair dealing with its insured are irrelevant under
Fed. R. Evid. 401, and such opinions will not assist the trier of fact
in understanding the evidence or in determining any fact at issue
under Fed. R. Evid. 702.  *See* Mr. Hodge's Report attached as
Exhibit C to response (docket no. 26);

## RECOMMENDATION

**WHEREFORE,** based upon these findings of fact and conclusions of law, this
court **RECOMMENDS:**

1.   That Defendant's Motion to Preclude Plaintiff's Expert Witness,
     Richard Hodges (docket no. 30) be **GRANTED;**

2.   That the expert testimony of Richard Hodges be stricken;

3.   That should Senior Judge Babcock reverse my Recommendation
     on Plaintiff's Motion for Leave to Amend Complaint (docket no. 33)
     and also reverse this Recommendation concerning Defendant's
     Motion to Preclude Plaintiff's Expert Witness, Richard Hodges
     (docket no. 30), then it is recommended that Defendant American
     Casualty be given an extension of time to endorse an expert
     witness to rebut the opinions by Mr. Hodges; and,

4.   That each party pay their own attorney fees and costs for this
     motion (docket no. 30).

4

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [a magistrate judge's ruling"] within 10 days after being served with a copy.  A party may not assign as error a defect in the [ruling] not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the [ruling] that is clearly erroneous or is contrary to law."**

Done this 28th day of July 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE