IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  08-cv-01980-LTB-MJW

BENEFICIAL LIVING SYSTEMS, INC., a Colorado non-profit corporation,

    Plaintiff,

v.

AMERICAN CASUALTY COMPANY of Reading, Pennsylvania, a Pennsylvania corporation,

    Defendant.

_____

ORDER
_____

This matter is before me on a Motion to Preclude Plaintiff's Claim for Business Interruption Loss [**Doc # 41**] filed by Defendant, American Casualty Company of Reading, Pennsylvania ("American Casualty"), in which it seeks an order barring the Plaintiff, Beneficial Living Systems, Inc. ("Beneficial Living") from seeking damages/losses it failed to disclose during discovery.  After consideration of the parties' briefs, exhibits, and oral arguments before me on October 26, 2009, I GRANT the motion for the following reasons.

### I.  BACKGROUND

Beneficial Living owns a skilled nursing facility called The Prairie View Care Center ("Prairie View").  Prairie View was, at the relevant time, insured by American Casualty.  On September 22, 2006, a sewage leak was discovered in the crawl space under Prairie View resulting in damage.  After cleaning up and fixing the sewage leak, Beneficial Living made a claim under Prairie View's property insurance policy with American Casualty.  American

Casualty partially approved the claim, but did not pay all of Beneficial Living's claimed damages. As a result, Beneficial Living filed this lawsuit asserting that American Casualty's refusal constitutes a breach of their insurance contract.

In its complaint, filed in September of 2008, Beneficial Living asserted that it incurred losses payable under its "business income and extra expense" coverage in the form of "necessary continued salaries and operating expenses" during the time that Prairie View was closed for cleanup of the sewage leak  Thereafter, on December 22, 2008, Beneficial Living filed its initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1), in which it disclosed its economic damages only as the "[c]ost of clean up and repairs" in the amount of $316,258.38. These discovery disclosures did not include any claim for business loss damages. Likewise, in its responses to American Casualty's First Set of Interrogatories and Requests for Production of Documents, dated July 13, 2009, Beneficial Living failed to identify any losses or provide any documentation in support of their claimed damages for business loss expenses.

The discovery cut off date, as set forth in the scheduling order, was July 15, 2009. Thereafter, on August 21, 2009, Beneficial Living filed its Fifth Supplemental Disclosure that, for the first time, set forth a computation of its business loss damages in the amount of $188,538.00.

## II.  ANALYSIS

As a result of Beneficial Living's untimely discovery disclosures, American Casualty seeks an order barring Beneficial Living from seeking its claimed business loss damages at trial. In its response, Beneficial Living concedes that it failed to timely produce documents supporting its claim for its business loss damages. Beneficial Living asserts, however, that its failure to

disclose "was not the result of any deliberate withholding of relevant information" but instead was "the result of an honest misunderstanding" between Beneficial Living and its counsel.

Specifically, Beneficial Living provided an affidavit from counsel indicating that after he filed the complaint he was "given the impression that the client did not desire to pursue the claim for business interruption loss but, instead, desired to recover the cost of repair of the building as expeditiously as possible." An affidavit signed by a Beneficial Living board member indicates that it was his mistaken understanding that its business interruption loss was a claim to be brought "following the establishment of the initial sewage property damage claim" and he was "shocked to learn in late July or early August 2009 that we were required to have brought our business interruption loss claim at the same time and that we were supposed to address this claim in our responses to defendant's discovery requests." As soon at this "mutual misunderstanding" was discovered, Beneficial Living filed its untimely Fifth Supplemental Disclosure that, for the first time, set forth a computation of its business loss damages. Beneficial Living argues that in light of this misunderstanding, and the lack of bad faith, that I should deny the relief requested by American Casualty and either allow late discovery or reset the trial in order to allow discovery on the business loss damages.

Fed. R. Civ. P. 37 addresses a party's failure to make disclosures or to cooperate in discovery. When a party fails to disclose or supplement an earlier response, Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As relevant here, Fed. R. Civ. P. 26(a)(1)(iii) requires a party to automatically disclose "a computation of

each category of damages claimed by the disclosing party."

In applying Fed. R. Civ. P. 37(c)(1), I "must first determine whether substantial justification for failing to make the required disclosures exists." *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004)(*quoting Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001)). If the party who failed to make the required disclosure fails to demonstrate substantial justification, I then must determine whether the failure to disclose was harmless. *Id.* The failure to disclose is considered harmless when there is "no prejudice to the party entitled to the disclosure." *Id.*

The determination of whether a Fed. R. Civ. P. 26(a) violation is "substantially justified" or "harmless" under Fed. R. Civ. P. 37(c)(1) is entrusted to the broad discretion of the district court. The Tenth Circuit has held that the following factors should guide that discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [violating] party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)(*quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)). *See also Sender v. Mann,* 225 F.R.D. 645, 655-56 (D. Colo. 2004)("a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance").

In this case, Beneficial Living's miscommunication with its counsel regarding its litigation strategy does not constitute substantial justification for failing to make the required disclosures Fed. R. Civ. P. 37(c)(1). Therefore, the question is whether the failure to disclose

was harmless or, in other words, if there is prejudice to American Casualty as the party entitled to the disclosure.

Although it appears as though the mutual mistake in this case was not intentional, the prejudice to American Casualty is significant. While it had initial notice that Beneficial Living was making a claim for business loss damages in the complaint, Beneficial Living's failure to disclose these damages in discovery is a clear waiver or abandonment to seeking those losses. Beneficial Living's belated attempt to assert its claim, after the close of discovery, was a significant change in litigation posture that American Casualty could not have foreseen. Indeed, American Casualty relied upon Beneficial Living's apparent failure to pursue its business loss damages when drafting its pending summary judgment motion. Beneficial Living's suggested remedy to cure the prejudice – in the form of eleventh hour discovery or a continuance in the trial – is prejudicial to American Casualty's defense of this case. Belated insertion of a business loss claim at this late date implicates further discovery, summary judgment motion practice, pretrial order review and trial preparation, all at additional expense to American Casualty.

Finally, although there is no evidence to refute Beneficial Living's claim that the omission here was not intentional or done in bad faith, I conclude that Beneficial Living's good faith, in and of itself, in combination with the lack of substantial justification for the discovery violation, would not be enough to overcome the other factors. *See e.g. Jacobsen v. Deseret Book, supra,* 287 F.3d at 954 (ruling that good faith was not enough to overcome the other factors). It is Beneficial Living's responsibility, as the party asserting its claim, to timely advance its case pursuant to the Federal Rules of Civil Procedure. Its failure to do so, even if such failure was inadvertent or the result of mistake, should not disadvantage American

Casualty's ability to defend.

Although Fed. R. Civ. P. 37(c)(1) "vests the court with discretion to impose 'other appropriate sanctions' in addition to or in lieu of an order striking witnesses or evidence not properly disclosed," *see Woodworker's Supply v. Principal Mut., supra,* 170 F.3d at 993, the postponement of the trial "is not a safety valve to which the court is required to resort in order to relieve the offending party of the consequences which would otherwise result from noncompliance with the requirements of" Fed. R. Civ. P. 26. *See Prien v. AM Gilardi & Sons, Inc.*, 2003 WL 25764896, 4 (W.D. Okla. 2003)(not selected for publication).

Therefore, Beneficial Living's admitted failure to comply with the requirements of Fed. R. Civ. P. 26(a)(1)(iii), when it did not disclose a computation of or any supporting documentation for its claimed business loss damages before the close of discovery, was neither substantially justified or harmless. As a result, in the exercise of my discretion, I conclude that Beneficial Living is not allowed to pursue its business loss claim.

ACCORDINGLY, the Motion to Preclude Plaintiff's Claim for Business Interruption Loss [**Doc # 41**] filed by Defendant, American Casualty Company, is GRANTED and, as such, I ORDER that Plaintiff, Beneficial Living Systems, Inc. is barred from seeking its claimed business loss damages it failed to disclose during discovery, pursuant to Fed. R. Civ. P. 37(c)(1).

Dated: October   26  , 2009, in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock  
                                            LEWIS T. BABCOCK, JUDGE